UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JASON M. JOHNSON #636514,

        Plaintiff,                        Case No. 2:08-cv-159

v.                                            Honorable Robert Holmes Bell

BRADY PAUL NAULT, et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff Jason M. Johnson #636514, an inmate at the Charles Egeler Reception and Guidance Center Annex, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Police Officers Brady Paul Nault, Jeffrey Erickson, Unknown Plourde, Unknown

Johnson, Mark Hager, Glenn Pearson, Steven Parks, James Soderberg, Sergeant Robert LaMarche, Escanaba Department of Public Safety, Nurse Emily Noblet, Parole / Field Agent Steven J. Howes, Delta County, and various Unknown Parties. Plaintiff alleges in his complaint that on July 7, 2006, Defendants Nault, LaMarche, Plourde, and Johnson detained and arrested Plaintiff in Escanaba, Michigan. Plaintiff states that he was questioned and detained without being read his rights or being allowed an attorney. Plaintiff claims that evidence was tampered with by police officers and by Defendant Noblet at St. Francis Hospital. According to the MDOC's Offender Tracking Information System (OTIS), Plaintiff was subsequently convicted of first-degree home invasion and was sentenced to 18 months to 20 years imprisonment. (*See* http://www.state.mi.us/mdoc/asp/-otis2profile.asp?mdocNumber=636514.) Plaintiff asserts claims of illegal arrest and malicious prosecution. Plaintiff seeks damages and equitable relief.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir.

1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*,

224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to Plaintiff in response to adverse state-court decisions was to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and, if necessary, apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Plaintiff's case is properly dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern*

*v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

Further, the allegedly wrongful conviction implicates the fact or duration of Plaintiff's confinement and therefore must be brought a claim for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). A claim that has been brought pursuant to Section 1983, may not be construed as a habeas corpus claim. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).[1]

In addition, the related damages claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997). A claim for damages which hinges upon the validity of a conviction affecting the length of a prisoner's sentence does not accrue and is therefore not cognizable under Section 1983 until Plaintiff has first established the invalidity of the conviction in the state courts or through a habeas corpus proceeding. Proof of the illegality of a conviction is a necessary element of the § 1983 cause of action. Unless a conviction has been reversed, there has been no injury of constitutional

---

[1] Moreover, it does not appear that Plaintiff has exhausted his state court remedies as required for habeas corpus claims pursuant to 28 U.S.C. § 2254(b)(1).

proportions, and thus no § 1983 suit may exist. *Heck v. Humphrey*, 512 U.S. at 482, 114 S. Ct. at 2370; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Although the *Heck* case involved a criminal conviction, the principles declared there are equally applicable to a prison misconduct ticket. *Edwards*, 520 U.S. at 643, 117 S. Ct. at 1585.

When a prisoner seeks money damages in a Section 1983 action for the collateral consequences of an allegedly invalid misconduct ticket, he necessarily requires the Court to assess the validity of the underlying ticket. As declared in *Preiser* and reiterated in *Heck*, a challenge to the validity of a matter requiring habeas corpus scrutiny is not cognizable under Section 1983. Further, pursuant to *Heck*, a damages claim arising out of the same challenge, which *is* cognizable under Section 1983, does not accrue until Plaintiff has had the conviction reversed or set aside. *Schilling*, 58 F.3d at 1086.

In *Edwards*, the Court cited *Heck* for the proposition that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or sentence, a plaintiff must prove that the conviction or sentence has been overturned. *Id.* 520 U.S. at 641-2, 117 S. Ct. at 1586 (citing *Heck*, 512 U.S. at 486-487). The Supreme Court then noted that the Ninth Circuit "was incorrect in asserting that a claim seeking damages only 'for using the wrong procedure, not for reaching the wrong result' . . . would never be subject to the limitation announced in *Heck*." *Edwards*, 520 U.S. 646, 117 S. Ct. at 1588. The Supreme Court went on to hold that where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim for money damages is not cognizable under § 1983. *Edwards*, 520 U.S. 648, 117 S. Ct. at 1589. Finally, the Court held that a stay of a § 1983 claim while a plaintiff seeks the restoration of good-time credits would be inappropriate because § 1983 contains no judicially

imposed exhaustion requirement. Rather, "a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.*

Thus, since Plaintiff has not yet established the invalidity of the state court conviction in the state courts or in a federal habeas action, his related Section 1983 claim for damages has not yet accrued.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated: October 24, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE